

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-2-2006

# Kopec v. Tate

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3698

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Kopec v. Tate" (2006). *2006 Decisions*. Paper 627.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/627

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 05-3698
_____

MICHAEL KOPEC,
Appellant

v.

OFFICER TYRONE TATE and
TOWNSHIP OF WHITEMARSH.

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 02-cv-00430)
District Judge: Hon. J. Curtis Joyner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2006

BEFORE: McKEE and STAPLETON, <u>Circuit Judges</u>,
and McCLURE,[*] <u>District Judge</u>

(Opinion Filed:  August 2, 2006)

_____

_____

[*]Hon. James F. McClure, Jr., United States District Judge for the Middle
District of Pennsylvania, sitting by designation.

_____

McCLURE, <u>District Judge</u>:

Appellant Michael Kopec instituted a civil rights action against appellee Officer Tyrone Tate pursuant to 42 U.S.C. § 1983, alleging that Tate, a police officer employed by Whitemarsh Township, used excessive force by placing excessively tight handcuffs on Kopec. The factual background of the case, while not relevant to this appeal, is discussed in an earlier opinion of this court reversing the district court's grant of summary judgment in favor of defendant Tate. <u>See</u> <u>Kopec v. Tate</u>, 361 F.3d 772 (3d Cir. 2004).

After trial, the jury returned a verdict in favor of defendant, and the district court entered judgment in favor of Tate and against Kopec. Kopec appeals, arguing that "[t]he lower court erroneously charged the jury on intentionality when it instructed that Plaintiff had the burden of proving that Defendant police officer intentionally deprived Plaintiff of his constitutional rights." (Appellant's Br. at 2.) For the reasons stated herein, we find that even if Kopec preserved his objection to the intentionality instruction, when viewed as a whole, the jury instructions properly stated the correct legal standard.

## I. JURISDICTION AND STANDARD OF REVIEW

## A. Jurisdiction

The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367 in that the complaint alleged federal civil rights claims under 42 U.S.C. § 1983 and supplemental state law claims. Because the district court entered final judgment after a jury verdict, we have jurisdiction under 28 U.S.C. § 1291.

## B. Standard of Review

"If a timely objection preserved the issue for appeal, we exercise plenary review to determine if the jury instructions, as a whole, stated the correct legal standard. Otherwise, we may exercise our discretion to reverse the judgment only for plain error contained in the instructions." Ryder v. Westinghouse Elec. Corp., 128 F.3d 128, 135 (3d Cir. 1997).

The parties dispute whether Kopec actually preserved his objection to the district court's intentionality instruction. Because we find that the instructions withstand plenary review, we find it unnecessary to decide the issue.

## II. DISCUSSION

We must determine whether the jury instructions, read as a whole, stated the correct legal standard. Id.; Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293 (3d Cir. 1997). "If looking at the charge as a whole, the instructions were capable of confusing and thereby misleading the jury, we must reverse." Mosley v.

3

Wilson, 102 F.3d 85, 94 (3d Cir. 1996).

### A. The Standard for Claims of Excessive Force

"[A]ll claims that law enforcement officers have used excessive force . . . in the course of an arrest . . . should be analyzed under the Fourth Amendment and its 'reasonableness' standard . . . ." Graham v. Connor, 490 U.S. 386, 395 (1989). "[T]he 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397; Mosley, 102 F.3d at 95.

### B. The District Court's Instructions

In this case, the district court charged the jury with the correct legal standard. The court stated:

> The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene rather than with 20/20 vision of hindsight . . . . This reasonableness inquiry is an objective one. The question is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting him without regard to their underlying intent or motive.

(App. at 143-44.) The district court explicitly instructed the jury to disregard the underlying intent or motive of Officer Tate. However, appellant Kopec complains of a previous instruction, which stated:

4

> Section 1983 of Title 42 of the United States Code provides that any citizens [sic] may seek redress in this court by way of damages against any person who, under color of state law or custom, *intentionally deprive* [sic] that citizen of any rights, privileges or immunities secured or protected by the constitutional laws of the United States.

(App. at 141) (emphasis added). The district court immediately explained that instruction in discussing the elements a plaintiff must establish to prove his claim. The court stated that the plaintiff must establish, by a preponderance of the evidence, "[f]irst, that the defendant *intentionally committed acts* which operated to deprive the plaintiff of the rights secured by the Constitution of the United States." (App. at 141) (emphasis added).

Reading the instructions as a whole, we find that they stated the correct legal standard. The district court properly instructed the jury on the objective reasonableness standard articulated in <u>Graham</u>. While the district court misstated the law when it instructed the jury that section 1983 enables citizens to seek redress against any person who "intentionally deprive[s] that citizen of" his rights, immediately thereafter, the district court clarified the instruction and stated that the plaintiff must show that the "defendant intentionally committed acts which operated to deprive the plaintiff" of his rights. This is merely a recognition that "Fourth Amendment violations require intentional *actions* by officers, rather than

5

'the accidental effects of otherwise lawful government conduct.'" <u>Hudson v. New York City</u>, 271 F.3d 62, 69 (2d Cir. 2001) (quoting <u>Brower v. County of Inyo</u>, 489 U.S. 593, 596-97 (1989) (Fourth Amendment seizure only occurs "when there is a governmental termination of freedom of movement *through means intentionally applied*.")).

Because "the jury instructions, as a whole, stated the correct legal standard," <u>Ryder</u>, 128 F.3d at 135, and because the instructions as a whole were not "capable of confusing and thereby misleading the jury," <u>Mosley</u>, 102 F.3d at 94, we will affirm.